IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

OCTAVIUS COUNTS SR.,

        Plaintiff,

vs.

WALMART INC,

        Defendant.

4:22CV3110

**MEMORANDUM AND ORDER**

Plaintiff Octavius Counts, Sr. ("Counts") filed this action on June 27, 2022, and has been granted leave to proceed in forma pauperis, Filing No. 5. The Court now conducts an initial review of Counts' Complaint, Filing No. 1, to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

This case is duplicative of Case No. 8:21CV338, which was initially filed on September 1, 2021, and is currently pending before the undersigned. Both cases involve the same parties and subject matter, and Counts requests the same relief, i.e., damages for an injury Count sustained on July 12, 2021, at a Walmart Supercenter in Omaha, Nebraska when canned goods fell from an upper shelf and struck Counts while he re-stocked the lower shelf. *Compare* Filing No. 1 *with* Filing No. 51, Case No. 8:21CV338. The Complaint filed in this case does not contain any additional allegations of material fact.[1]

---

[1] "District courts are accorded 'a great deal of latitude and discretion' in determining whether one action is duplicative of another, but generally, a suit is duplicative if the 'claims, parties, and available relief do not significantly differ between the two actions.'" *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (citation omitted).

## II. ANALYSIS

At the time Counts filed the present Complaint, he had a pending motion to amend his complaint in Case No. 8:21CV338 to add Walmart, Inc. ("Walmart") as a defendant. Filing No. 29, Case No. 8:21CV338. The Court granted Plaintiff's motion to amend, in part, and allowed Counts to file an amended complaint asserting state law negligence "pre-incident" claims against Walmart and another defendant. Filing No. 48, Case No. 8:21CV338. Counts filed an Amended Complaint in Case No. 8:21CV338 on September 7, 2022, naming Walmart as a defendant and seeking damages for the same injuries he alleges in the present Complaint. See Filing No. 51, Case No. 8:21CV338. Because Counts has been given the opportunity to plead his claims against Walmart in Case No. 8:21CV338, which remains pending, he will not be prejudiced in any manner by the dismissal of the present action.

Accordingly, this case will be dismissed as being wholly duplicative of Case No. 8:21CV338. See Kriz v. 12th Judicial Dist Bd of Mental Health of Box Butte Cty., No. 4:05 CV 3253, 2005 WL 2563040, at *1 (D. Neb. Oct. 11, 2005) ("plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant[s] at the same time." (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 138-39 (2d Cir.2000))); see also Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001) ("Plaintiffs may not pursue multiple federal suits against the same party involving the same controversy at the same time.").

## III. MOTION FOR SUMMONS

Shortly after filing his Complaint, Counts filed what has been docketed as a motion for summons, seeking to serve the Complaint on Walmart. Filing No. 6. As this case is

duplicative of Case No. 8:21CV338 and Walmart has been served with summons in that case, Filing No. 54, Case No. 8:21CV338, Plaintiff's motion is denied as moot.

### IV.  CONCLUSION

This case will be dismissed without prejudice as wholly duplicative of Case No. 8:21CV338, and Counts' motion for summons will be denied.

IT IS THEREFORE ORDERED that:

1. Counts' motion for summons, Filing No. 6, is denied as moot.

2. This action is dismissed without prejudice.

3. Judgment shall be entered by separate document.

Dated this 26th day of January, 2023.

BY THE COURT:

*Joseph F. Bataillon*
Joseph F. Bataillon
Senior United States District Judge